IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| )<br>IN RE ENFORCEMENT OF A GERMAN )<br>RESTRAINING ORDER TO          )<br>RESTRAIN ALL FUNDS HELD BY   )<br>BANK OF AMERICA AT ACCOUNT  )<br>ENDING IN 9109                        )<br>                                                    ) | Case: 1:22−mc−00041<br>Assigned To : Moss, Randolph D.<br>Assign. Date : 3/28/2022<br>Description: Misc. (O−DECK)<br><br>12-mc-_____ |

## [PROPOSED] ORDER

WHEREAS this matter comes before the Court upon the United States' Ex Parte Application to Register and Enforce A Foreign Restraining Order Pursuant to 28 U.S.C. § 2467(d)(3)(b)(ii) and 18 U.S.C. § 983(j)(1)(A) (the "Application"), which authorize this Court to register and enforce foreign restraining orders and take any other actions to seize, secure, maintain, or preserve the availability of property subject to forfeiture in a foreign proceeding;

WHEREAS the application seeks enforcement of an *in rem* arrest warrant dated August 5, 2019, issued by the Saarbrücken District Court in Germany ("the German Order") against the following asset named in the German Order:

1. Bank of America Account 0094 5201 9109 held in the name of Goldman Morgenstern & Partners, LLC. ("the Bank of America Account");

WHEREAS, upon consideration of the Application, the Court FINDS as follows:

(a) This Court has jurisdiction over the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the U.S. District Court for the District of Columbia;

(b) The United States and Germany are parties to a bilateral agreement providing for forfeiture assistance, namely, the Treaty Between the United States of America and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., Oct. 14, 2003, S. TREATY DOC. NO. 108-27 (2004);

(c) On August 5, 2019, Saarbrücken District Court, issued an *in rem arrest warrant* ( the "German Order") to restrain the named Bank of America Account that is subject to

      confiscation (forfeiture) under German law;

(d) The United States referred a mutual legal assistance request received from Germany to the U.S. Department of Justice, Money Laundering and Asset Recovery Section ("MLARS"), and that request seeks enforcement of the German Order in the United States against the above-listed property;

(e) On January 21, 2022, the Attorney General of the U.S. Department of Justice, through his designee, the MLARS Chief, certified that enforcement of the German Order against the above-listed property is "in the interest of justice;"

(f) The German Order has been rendered under a system of law compatible with the requirements of due process;

(g) The Saarbrücken District Court in Germany, has jurisdiction over the subject matter of the criminal and confiscation proceedings pursuant to which the German Order was issued; and

(h) There is no indication that the German Order was obtained by fraud.

Now, therefore, pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii), and 18 U.S.C. § 983(j), it is HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The German Order dated August 5, 2019, is hereby REGISTERED AND ENFORCED by this Court;

2. The above-listed property is hereby ordered RESTRAINED, except that no property shall be physically seized pending further Order of this Court;

3. With respect to the above-listed property, Klaus Maurischat, Goldman Morgenstern & Partners, LLC ("GOMOPA"), Mark Vornkahl, and all persons, companies, entities, agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them are hereby ENJOINED AND RESTRAINED from transferring, selling, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the disposal of (by transfer of funds, stock or otherwise) or removal from the jurisdiction of this Court, or from any checking, savings, or investment account, any interest, direct or indirect, in the Restrained Asset, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard;

4. This Order shall become effective immediately and shall remain in full force and effect until any final confiscation orders or judgments obtained pursuant to the German criminal and confiscation proceedings are enforced by this Court; until the German Order has been quashed, discharged, or modified in a substantive way affecting these U.S. assets and the United States seeks an amended Order; or, until the United States applies for a release of this Order on its own accord.

5. The United States shall attempt to provide a copy of this Order to any known beneficial owner of the aforementioned assets including Klaus Maurischat and to anyone else known to the United States or in Germany, as holding a protected interest in the assets in a manner reasonably calculated to apprise them of their right to be heard;

6. The United States shall serve a copy of this order on the affected financial institution (Bank of America, N.A.);

7. Bank of America N.A. shall, within 30 days upon written request, provide the United States with the balance of the listed account and a monthly account statement.

**SO ORDERED.**

Dated:_____

_____
UNITED STATES DISTRICT COURT JUDGE